B. SALOY, Syndic, *v.* JOSEPH ALBRECHT.

A sale of partnership property by one of the commercial partners, on the eve of his insolvency, is null and void, and will be set aside. The partnership property is the common pledge of the partnership creditors, who must be paid out of it before the individual creditors of the members; and, if not fully paid, they may pursue each member, although without privilege.

The partnership is dissolved by the *cessio bonorum* made by one of its members; and the solvent partner, being bound *in soli-lo*, has a right, but not an exclusive one, to liquidate its affairs. If there is a surplus over the insolvent estate, it goes to his individual creditors.

APPEAL from the Third District Court of New Orleans, *Duvigneaud,* J. E. *Filleuel* for plaintiff. J. L. *Tissot* and *C. Dufour* for defendant and appellant.

HOWELL, J. Plaintiff, as syndic of the creditors of P. Marcelin, seeks to set aside two acts of sale to defendant, his partner, by the insolvent, on the eve of his declared insolvency, of certain real estate and the movables on the premises owned by said partners.

There can be no question that the sale of the real estate should be revoked, as it was the individual property of the vendor and commercial partner of the vendee, who, by it, obtained an unjust advantage. Such a sale, at such a time, and on such terms, to an alleged creditor, is prohibited by law. 3 L. 497. 6 A. 774. C. C. 1964, 1979. Acts 1855, p. 432.

The revocation of the sale of the property belonging to the commercial partnership must rest upon somewhat different principles, or the same general principle differently applied.

Can a commercial partner, on the eve of failing, transfer to his co-partner, with knowledge, all his interest in the partnership, so as to exclude the same from his surrender?

We think not. The partnership property is the common pledge of the partnership creditors, who must be paid out of it before the individual creditors of the members; and, if not fully paid, they may pursue either partner, but with no higher rights upon his individual property than his individual creditors have. And neither partner, in failing circumstances, can, by law, do any act which will change the rights or relations of the two classes of creditors, or the appropriation which the law would make of the property.

The partnership is dissolved by the *cessio bonorum* made by one of its members, and the solvent partner, being bound *in solido,* has a right, but not an exclusive one, to liquidate its affairs. The partnership debts may not be greater than the partnership assets, and if there be a surplus it goes, in proper proportion, to the individual creditors of the insolvent member, whose syndic has a concurrent right to the administration and settlement of the affairs. See 9 R. 372, *Tyler* v. *His Creditors.*

The sale, then, by the failing to the solvent partner, may cut off his individual creditors from any possible residuary interest, and from an opportunity of making such interest as large as possible, and may result greatly to their injury.

SALOY
v.
ALBRECHT.

The evidence in the record does not show that the partnership assets were less than the debts; but shows conclusively that the defendant was, at the dates of the two sales, aware of his partner's situation, and that he, by said sales, obtained an advantage and preference over the other creditors of the insolvent.

These two sales must therefore be annulled, and the property conveyed be restored to its original *status*, to be disposed of according to law. C. C. 1972. 6 L. 83.

We find no error in the judgment in regard to the alleged claim for rent, prayed for in this court. We do not consider that such a claim was presented, either in the pleadings or by the evidence, in the lower court, so as to settle definitely the reciprocal rights of the parties.

There is error, however, in condemning defendant to pay, in cash, the purchase price on the act of sale, on 23d January, 1858, of the partnership property. According to the principles above recognized, the plaintiff, as syndic, is entitled only to a concurrent administration and a residuary interest. The defendant may be made to render an account of his liquidation or settlement of the partnership affairs, or admit plaintiff to a participation therein, or otherwise be made responsible for the partnership assets. The record does not enable us to determine these matters. Art. 1972 C. C. must be construed with other laws applicable to the questions involved.

It is therefore ordered, adjudged and decreed, that the judgment of the lower court be avoided and reversed, and proceeding to render such judgment as should have been given: It is ordered, adjudged and decreed, that the two acts of sale, by Paul Marcelin to Joseph Albrecht, before A. Abat, notary public, on 20th and 23d January, 1858, respectively, be set aside and annulled; that Bertrand Saloy, as syndic of the creditors of Paul Marcelin, recover of Joseph Albrecht, defendant, all the property described in the said act of sale of the 20th January, 1858, to be applied in due course of law to the payment of the claims of the creditors of said Marcelin, reserving to the syndic the right of action, if any exist, for the rent of said property; and that all the property described in the said act of sale of 23d January, 1858, be restored to the joint control of plaintiff, as syndic, and the defendant, to be appropriated or accounted for according to law, reserving to defendant any rights which he may have individually, or as a commercial partner, against the insolvency of said Marcelin.

It is further ordered, that the defendant and appellant pay the costs of the lower court, and the plaintiff and appellee pay the costs of this court.